■ INDYMAC BANK, F.S.B., Appellant, v DIANA J. YANO-HOROSKI et al., Respondents. [912 NYS2d 239]—

In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated December 1, 2009, which, inter alia, vacated a judgment of foreclosure and sale of the same court (McNulty, J.), dated January 12, 2009, cancelled the note and mortgage, and directed the Suffolk County Clerk to cancel the notice of pendency. By decision and order on motion of this Court dated January 14, 2010, enforcement of the judgment dated January 12, 2009, was stayed pending the hearing and determination of the appeal.

Ordered that the judgment dated January 12, 2009, is reversed, on the law, without costs or disbursements, the judgment of foreclosure and sale is reinstated, the note and mortgage are reinstated, and the Suffolk County Clerk is directed to reinstate the notice of pendency.

In July 2005, after the defendant Diana J. Yano-Horoski defaulted on her mortgage, the plaintiff, IndyMac Bank, F.S.B.,

commenced the instant foreclosure action. On January 12, 2009, the Supreme Court (McNulty, J.) issued a judgment of foreclosure and sale. Notwithstanding the entry of a judgment of foreclosure and sale, the Supreme Court scheduled various post-judgment settlement conferences between March and August of 2009, which the plaintiff agreed to attend and participate in. Based upon the plaintiff's conduct during these conferences, the Supreme Court (Spinner, J.), sua sponte, directed a hearing to determine whether sanctions should be imposed against the plaintiff. Following the hearing, based on a determination that the plaintiff had conducted the settlement negotiations in bad faith, the Supreme Court issued a judgment which, inter alia, vacated the judgment of foreclosure and sale, cancelled the note and mortgage in its entirety, and directed the Suffolk County Clerk to cancel the notice of pendency.

Here, the severe sanction imposed by the Supreme Court of cancelling the mortgage and note was not authorized by any statute or rule (*see Tewari v Tsoutsouras*, 75 NY2d 1, 5-7 [1989]), nor was the plaintiff given fair warning that such a sanction was even under consideration (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]; *Barasch v Barasch*, 166 AD2d 399, 400 [1990]). The reasoning of the Supreme Court that its equitable powers included the authority to cancel the mortgage and note was erroneous, since there was no acceptable basis for relieving the homeowner of her contractual obligations to the bank (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630, 637 [1968]; *Levine v Infidelity, Inc.*, 285 AD2d 629, 630 [2001]), particularly after a judgment had already been rendered in the plaintiff's favor.

In light of our determination, we need not address the plaintiff's remaining contentions. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.