2012 OK 3

**DEUTSCHE BANK NATIONAL TRUST, as Trustee for Long Beach Mortgage Loan 2002–1, Plaintiff/Appellee,**

v.

**Dennis BRUMBAUGH, Defendant/Appellant.**

No. 109,223.

Supreme Court of Oklahoma.

Jan. 17, 2012.

15. *Foster v. Marshall*, 1930 OK 73, ¶ 45, 141    Okla. 246, 284 P. 882, 888.

Phillip A. Taylor, Taylor & Associates, Broken Arrow, Oklahoma, for Defendant/Appellant.

Ray E. Zschiesche, Phillips Murrah P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

COMBS, J.

### FACTS

¶ 1 This is an appeal from a foreclosure action initiated by Appellee, Deutsche Bank National Trust As Trustee for Long Beach Mortgage Loan 2002–1 (Appellee) against Appellant Dennis Brumbaugh (Appellant) and others. Appellant and his wife, Debra Brumbaugh, (Brumbaughs) executed a note and mortgage with Long Beach Mortgage Company on February 27, 2002. On December 27, 2006, the Brumbaughs entered into a loan modification agreement with U.S. Bank, N.A., successor trustee to Wachovia Bank, N.A. (formerly known as First Union National Bank), as Trustee for Long Beach Mortgage Loan Trust 2002–1, Asset Backed Certificates, Series 2002–1 in trust for the benefit of the Certificateholders. On July 20, 2007, the Brumbaughs divorced, and in 2008, Debra Brumbaugh executed a quitclaim deed to Dennis Brumbaugh.

¶ 2 Appellant defaulted on the note in January 2009, and Appellee filed its petition for foreclosure on June 2, 2009. Attached to the petition was a copy of the note, mortgage, loan modification agreement, and copies of statements of judgments and liens by other entities. Appellee claims it is the present holder of the note and mortgage having received due assignment through mesne assignments of record or conveyance via mortgage servicing transfer. The Appellant answered, denying Appellee owns any interest in the note and mortgage, and the copies attached to the petition were not the same as those he signed. He claims Appellee lacked capacity to sue and the trial court lacks jurisdiction over the subject matter. He also denied being in default and asserted the Appellee/servicing agent caused the alleged default.

¶ 3 On April 1, 2010, Appellee filed a motion for summary judgment. Attached to the motion was an affidavit from an employee of JP Morgan Chase Bank (Chase) as the servicing agent for Appellee. The affidavit states the Appellee is the current owner and holder of the original note, mortgage, and the modification agreements. However, there is no mention of **when** Appellee became the holder.

¶ 4 Appellant asserts in his response to the motion for summary judgment that Appellee failed to prove the affiant is a competent witness and no documentation was presented that connects Appellant to Appellee. The note attached to the petition and the motion did not show it had been negotiated to any other party including Appellee. Negotiation requires transfer of possession of the instrument and its indorsement by the holder. 12A O.S.2001, 3–201(b). He asserts because there is no indorsement whatsoever by Long Beach Mortgage Company attached to the petition and motion for summary judgment, Appellee cannot be the holder of the note. Therefore, Appellant asserts Appellee cannot be the real party in interest. However, in Appellee's reply to Appellant's response to the motion for summary judgment and at the hearing, a copy of the note with a blank, **undated** indorsement signed by Long Beach Mortgage Company was attached and presented.

¶ 5 Appellee asserts that even if negotiation of the note was at issue, Appellee has

possession of the note and that satisfies the "negotiation" requirements of 12A O.S.2001, 3–201. Further, the Chase affiant has personal knowledge because he reviewed and examined the account files and Chase is the servicing agent for Appellee. Appellee further asserts, it has the original note and mortgage, and is therefore, the real party in interest.

¶ 6 The trial court reviewed the note presented at the hearing and agreed with Appellee that Appellee was the holder of the note because it had possession of the note and it was indorsed in blank. The court granted summary judgment in favor of Appellee on January 27, 2011.

### STANDARD OF REVIEW

■ ¶ 7 An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, 631 P.2d 752. Summary judgment is

improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital*, 2006 OK 39, ¶ 4, 143 P.3d 203, 205.

### ANALYSIS

¶ 8 The Uniform Commercial Code adopted in Oklahoma, 12A O.S.2001, 1–101 et seq., defines who is a "person entitled to enforce" the note (instrument).[1] A "person entitled to enforce" the note requires possession of the note with a very limited exception.[2] It will be either one who is a "holder" of the note or a "nonholder in possession of the note who has the rights of a holder."[3]

■ ¶ 9 Appellee must demonstrate it is a person entitled to enforce the note. It must provide evidence it has possession of the note either by being a holder or a nonholder in possession who has the rights of a holder. Appellee attached to its Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment a copy of the note with a blank indorsement from Long Beach Mortgage Company. Appellee states this allonge[4] was inadvertently omitted from the copy of the note that was attached to its Motion for

1. 12A O.S.2001, 3–301.

2. A person who is not reasonably able to obtain possession of the note because it was lost, destroyed, in the wrongful possession of another, or it is paid or accepted by mistake. 12A O.S.2001, 3–301.

3. A holder is a person in possession of the note that is payable either to bearer (blank indorsement) or to an identified person (special indorsement) that is the person in possession. 12A O.S.2001, 1–201(b)(21), 3–204 and 3–205. A "nonholder in possession who has the rights of a holder" is a person in possession of the note but the note was not indorsed by the previous holder; special indorsement or blank indorsement. No negotiation has occurred because the person now in possession did not become a holder by lack of the note being indorsed as mentioned. An example would be when a sale of notes in bulk is made by the holder to a transferee and the holder is transferring the right to enforce the notes even though there has been no negotiation. (See the *REPORT OF THE PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER

14, 2011)).* Negotiation is the voluntary or involuntary transfer of an instrument by a person other than the issuer to a person who thereby becomes its holder. 12A O.S.2001, 3–201. Transfer occurs when the instrument is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument. 12A O.S.2001, 3–203. Delivery of the note would still have to occur even though there is no negotiation. Delivery is defined as the voluntary transfer of possession. 12A O.S.2001, 1–201(b)(15). The transferee would then be vested with any right of the transferor to enforce the note. 12A O.S.2001, 3–203(b). Some jurisdictions have held that without holder status and therefore the presumption of a right to enforce, the possessor of the note must demonstrate both the fact of the delivery and the purpose of the delivery of the note to the transferee in order to qualify as the person entitled to enforce. *In re Veal*, 450 B.R. 897, 912 (B.A.P. 9th Cir.2011).

4. According to Black's Law Dictionary (9th ed. 2009) an allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." See, 12A O.S.2001, 3–204(a).

Summary Judgment. However, this allonge was not attached to the Petition for Foreclosure of Mortgage. Appellee is trying to establish it is a "holder" of the note. Evidence establishing when Appellee became a person entitled to enforce the note must show Appellee was a person entitled to enforce the note prior to filing its cause of action for foreclosure.

¶ 10 Appellant argues Appellee does not have standing to bring this foreclosure action. The issue presented to this Court is standing. This Court has previously held:

> Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.

*Matter of the Estate of Doan*, 1986 OK 15, ¶ 7, 727 P.2d 574, 576. In *Hendrick v. Walters*, 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234, this Court also held:

> Respondent challenges Petitioner's *standing* to bring the tendered issue. Standing refers to a person's legal right to seek relief in a judicial forum. *It may be raised as an issue at any stage of the judicial process by any party or by the court sua sponte.* (emphasis original)

Furthermore, in *Fent v. Contingency Review Board*, 2007 OK 27, footnote 19, 163 P.3d 512, 519, this Court stated "[s]tanding may be raised at any stage of the judicial process or by the court on its own motion." Additionally in *Fent,* this Court stated:

Standing refers to a person's legal right to seek relief in a judicial forum. The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact—*i.e.,* suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision. The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse.

*Fent v. Contingency Review Board,* 2007 OK 27, ¶ 7, 163 P.3d 512, 519–520. In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, "standing [must] be determined as of the commencement of suit." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570, n. 5, 112 S.Ct. 2130, 2142, 119 L.Ed.2d 351 (1992).

¶ 11 To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City,* 1945 OK 181, 195 Okla. 607, 159 P.2d 717.[5] Being a person entitled to enforce the note is an essential requirement to initiate a foreclosure lawsuit. In the present case, there is a question of fact as to when Appellee became a holder, and thus, a person entitled to enforce the note. Therefore, summary judgment is not appropriate. If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed without prejudice and the action may be re-filed in the name of the proper party. We reverse the granting of summary judgment by the trial court and remand back for

**5.** This opinion occurred prior to the enactment of the UCC and as explained in footnote 3 of this opinion, the person entitled to enforce the note in almost all situations is required to be in possession of the note and therefore if the owner of the note is not in possession of the note it is not a person entitled to enforce the note. (See the REPORT OF THE PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER 14, 2011)).

further determinations as to when Appellee acquired its interest in the note.

### CONCLUSION

¶ 12 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and have the proper supporting documentation in hand when filing suit, showing the history of the note, so the defendant is duly apprised of the rights of the plaintiff. This is accomplished by establishing that the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S. 2001, 3–309 or 12A O.S.2001, 3–418. 12A O.S.2001, 3–301. Likewise, for the homeowners, absent adjudication on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or loan modification, or insulate them from foreclosure proceedings based on proven delinquency. See, *U.S. Bank National Association v. Kimball,* 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (VT 2011); and *Indymac Bank, F.S.B. v. Yano–Horoski,* 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

¶ 13 CONCUR: TAYLOR (This Court's decision in no way releases or exonerates the debt owed by the defendants on this home.), C.J., KAUGER (joins TAYLOR, C.J.), WATT, WINCHESTER (joins Taylor, C.J.), EDMONDSON, REIF, COMBS, GURICH (joins Taylor, C.J.), JJ.

¶ 14 RECUSED: COLBERT, V.C.J.