2012 OK 14

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee,**
Plaintiff/Appellee,

v.

**Theron MATTHEWS,**
Defendant/Appellant,

and

Christina A. MATTHEWS; John Doe; Jane Doe; AVB f/k/a Arkansas Valley State Bank; and Chase Bank USA, N.A., Additional Defendants.

No. 108,427.

Supreme Court of Oklahoma.

Feb. 28, 2012.

Theron T. Matthews, Pro Se, Mounds, Oklahoma, for Defendant/Appellant.

Sally E. Garrison, Baer, Timberlake, Coulson & Cates, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

COMBS, J.

### FACTUAL AND PROCURAL HISTORY

¶ 1 In a petition filed on January 14, 2009, Deutsche Bank National Trust company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007–CH3 (hereinafter Deutsche Bank) filed a foreclosure action against Theron Matthews (Matthews). Deutsche Bank claimed at that time to hold the note and mortgage. Deutsche Bank claims the note and mortgage were indorsed in blank. However from the face of the note attached to the Petition, no such indorsement is found. Chase Bank USA, N.A., was the original lender. Deutsche Bank, filed on June 18, 2009, a document entitled "Assignment of Real Estate Mortgage," dated June 9, 2009, with the County Clerk of Creek County. This was some six months **after** the filing of the foreclosure proceeding. A partial summary judgment granted in Deutsche Bank's favor against the Matthews on August 20, 2009, was memorialized by minute order. A Partial Journal Entry of Judgment was filed on May 26, 2010. The Matthewses appeal

this summary judgment arguing Deutsche Bank failed to demonstrate standing.

## STANDARD OF REVIEW

¶2 An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller,* 1996 OK 48, ¶2, 914 P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.,* 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital,* 2006 OK 39, ¶4, 143 P.3d 203, 205.

## ANALYSIS

¶3 Appellant argues Appellee does not have standing to bring this foreclosure action. The note attached to Deutsche Bank's motion for summary judgment, filed June 25, 2009, contained two allonges. These were not included with the note that was attached to its petition filed on January 14, 2009. Both allonges are dated January 9, 2007. The first allonge is a special indorsement made by the lender, Chase Bank USA, N.A., and is payable to Chase Home Finance, LLC. It is signed by A. Young, assistant secretary. The second allonge is a blank indorsement, made by Chase Home Finance, LLC, and is also signed by A. Young, assistant secretary. Deutsche Bank states in its motion for summary judgment that it brings this action in its capacity as the holder and owner of the note and mortgage at issue. However, in the same paragraph Deutsche Bank states it acquired Chase Bank USA, N.A.'s interest in the note and mortgage **subsequent** to the filing of this action. Deutsche Bank also attached an affidavit by an officer of Chase Home Finance, LLC, executed May 6, 2009. The officer merely states Deutsche Bank is the current holder of the note and mortgage.

¶4 The crux of the entire issue presented to this Court is the issue of standing. This Court has previously held:

Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.

*Matter of the Estate of Doan,* 1986 OK 15, ¶7, 727 P.2d 574, 576. In *Hendrick v. Walters,* 1993 OK 162, ¶4, 865 P.2d 1232, 1234, this Court also held:

Respondent challenges Petitioner's *standing* to bring the tendered issue. Standing refers to a person's legal right to seek relief in a judicial forum. *It may be raised as an issue at any stage of the judicial process by any party or by the court sua sponte.* (emphasis original)

Furthermore, in *Fent v. Contingency Review Board,* 2007 OK 27, footnote 19, 163 P.3d 512, 519, this Court stated "[s]tanding may be raised at any stage of the judicial process or by the court on its own motion." Additionally in *Fent,* this Court stated:

Standing refers to a person's legal right to seek relief in a judicial forum. The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact-*i.e.,* suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision. The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse.

*Fent v. Contingency Review Board,* 2007 OK 27, ¶7, 163 P.3d 512, 519–520. In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, "standing [must] be

determined as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n. 5, 112 S.Ct. 2130, 2142, 119 L.Ed.2d 351 (1992).[1]

¶5 To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 195 Okla. 607, 159 P.2d 717.[2] An Assignment of the mortgage, however, is of no consequence because under Oklahoma law, "[p]roof of ownership of the note carried with it ownership of the mortgage security." *Engle v. Federal Nat. Mortg. Ass'n*, 1956 OK 176, ¶7, 300 P.2d 997, 999. Therefore, in Oklahoma it is not possible to bifurcate the security interest from the note. *BAC Home Loans Servicing, L.P. v. White*, 2011 OK CIV APP 35, ¶10, 256 P.3d 1014, 1017. Because the note is a negotiable instrument, it is subject to the requirements of the UCC. Thus, a foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument" by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A–3–309 or subsection (d) of Section 12A–3–418 of this title." 12A O.S.2001, § 3–301.

¶6 The note, in which the Matthews promised to pay a sum certain to the order of Lender, is a negotiable instrument pursuant to 12A O.S.2001 § 3–104(a). It may be indorsed specially to be payable to an identified person or it may be indorsed in blank to be payable to bearer. 12A O.S.2001, § 3–205(a) and (b).[3]

¶7 To show you are the "holder" of the note you must prove you are in possession of the note and the note is either "payable to bearer" (blank indorsement) or to an identified person that is the person in possession (special indorsement).[4] Therefore, both possession of the note and an indorsement on the note or attached allonge are required in order for one to be a "holder" of the note.

¶8 To be a "nonholder in possession who has the rights of a holder" you must be in possession of a note that has not been indorsed either by special indorsement or blank indorsement. Basically, no negotiation has occurred because the person now in possession did not become a holder by lack of the note being indorsed as mentioned. Negotiation is the voluntary or involuntary transfer of an instrument by a person other than the issuer to a person who thereby becomes its holder. 12A O.S.2001, § 3–201. Transfer occurs when the instrument is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument. 12A O.S.2001, § 3–203. Delivery of the note would still have to occur even though there is no negotiation. Delivery is defined as the

---

1. The dissenting opinion in this matter relies upon Justice Opala's concurring opinion in *Toxic Waste Impact Group, Inc. v. Leavitt*, 1994 OK 148, 890 P.2d 906, for the proposition that standing is not a jurisdictional question. Justice Opala's concurring opinion was not the majority opinion of this Court and as such "a minority opinion has no binding, precedential value." 20 Am.Jur.2d Courts § 138.

2. This opinion occurred prior to the enactment of the UCC. It is, however, possible for the owner of the note not to be the person entitled to enforce the note if the owner is not in possession of the note. (See the *REPORT OF THE PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER 14, 2011)).*

3. 12A O.S.2001 § 3–205(a) and (b) provide:

(a) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement". When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in Section 12A–3–110 of this title apply to special indorsements.
(b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement". When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

4. 12A O.S.2001, §§ 1–201(b)(21), 3–204 and 3–205.

voluntary transfer of possession. 12A O.S. 2001, § 1–201(b)(15). The transferee would then be vested with any right of the transferor to enforce the note. 12A O.S.2001, § 3–203(b). Some jurisdictions have held without holder status and therefore the presumption of a right to enforce, the possessor of the note must demonstrate both the fact of the delivery and the purpose of the delivery of the note to the transferee in order to qualify as the person entitled to enforce. *In re Veal,* 450 B.R. 897, 912 (B.A.P. 9th Cir.2011). This would include showing the note was transferred for the purpose of giving to the person receiving delivery the right to enforce the instrument. 12A O.S.2001, § 3–203.

¶ 9 Here, Deutsche Bank is trying to show it is a "holder" of the note and not that it is a "nonholder in possession who has the rights of a holder." If Deutsche was trying to establish it was a "nonholder in possession who has the rights of a holder" an Assignment of Real Estate Mortgage, like the one attached to its motion for summary judgment and which also expressly purports to transfer the note, might be evidence of the purpose of a transfer if possession of the note was established. However, the Assignment of Real Estate Mortgage attached to its motion for summary judgment is executed on June 9, 2009, by a Vice President of Chase Bank USA, N.A. The note attached to its motion for summary judgment, however, shows an allonge from Chase Bank USA, N.A., to Chase Home Finance, LLC. Further, this purported transfer of the note occurred six months after the action was commenced. Deutsche Bank also by its own admission states it acquired its interest in the note and mortgage subsequent to the filing of this action.

¶ 10 A plaintiff must show it became a "person entitled to enforce" the note **prior** to the filing of the foreclosure proceeding. There is no evidence showing Deutsche Bank was a person entitled to enforce the note **prior** to the filing of the foreclosure proceeding. In fact, by its own admission it acquired its interest subsequent to the filing of the action. Therefore, we reverse the granting of summary judgment by the trial court with instructions to dismiss the case without prejudice.

## CONCLUSION

¶ 11 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and have the proper supporting documentation in hand when filing suit, showing the history of the note, so the defendant is duly apprised of the rights of the plaintiff. This may be accomplished by demonstrating the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S.2001, § 3–309, or 12A O.S.2001, § 3–418. Likewise, for the homeowners, absent adjudication on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency. See, *U.S. Bank National Association v. Kimball,* 2011 Vt. 81, 27 A.3d 1087, 75 UCC Rep. Serv.2d 100, 2011 VT 81 (2011); *and Indymac Bank, F.S.B. v. Yano–Horoski,* 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

## REVERSED AND REMANDED WITH INSTRUCTIONS

¶ 12 CONCUR: TAYLOR (This Court's decision in no way releases or exonerates the debt owed by the defendants on this home.), C.J., KAUGER (joins Taylor, J.), WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 13 DISSENT: WINCHESTER (joins Gurich, J.), GURICH (by separate writing), JJ.

¶ 14 RECUSED: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins, dissenting:

¶ 1 I respectfully dissent. The majority states that "[t]o commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note, and absent a showing of ownership, the plaintiff lacks standing," citing *Gill v. First Nat. Bank & Trust Co.,* 1945 OK 181, 195 Okla.

607, 159 P.2d 717.[1]  *See* Majority Op. ¶ 5. I agree that in any foreclosure action a party must demonstrate it is the proper party to request adjudication of the issues.  However, the issue of whether a party is the proper party to request adjudication of the issues is a real-party-in-interest issue, not an issue of "standing," as the majority frames it.  *See Toxic Waste Impact Group, Inc. v. Leavitt,* 1994 OK 148, 890 P.2d 906 (Opala, J., concurring).  Justice Opala framed the issue correctly in *Toxic Waste Impact Group:*

> Standing in the federal legal system is imbued with a constitutional/jurisdictional dimension, while in the body of state law it *fits under the rubric of ordinary procedure.*  The U.S. Constitution, Article III, has long been held to require that a "case" or "controversy" is essential to invoke federal judicial jurisdiction and that a person's competence to bring an action is a core component of standing in a case-or-controversy inquiry.  It is for this reason that standing is an integral part of the mechanism for invoking the federal judiciary's power.
>
> Oklahoma's fundamental law places no restraint on the judiciary's power analogous to the federal case-or-controversy requirement.  Under the earlier Code of Civil Procedure the suit had to be brought by the real party in interest.  That requirement has always been non-jurisdictional.  If a state court proceeded to adjudicate a claim pressed by one not in that status, its decision was not fraught with jurisdictional infirmity but rather regarded as erroneous for want of proof to establish an important element of the claim.  An error in this category is waivable at the option of the defendant; and, if not asserted on appeal, the reviewing court may reach the merits of the case despite a plaintiff's apparent lack of standing at nisi prius.

*Toxic Waste Impact Group, Inc. v. Leavitt,* 1994 OK 148, 890 P.2d 906 (Opala, J., concurring, ¶¶ 2–3) (emphasis added).

¶ 2 The majority in this case cites *Hendrick v. Walters,* 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234 and *Fent v. Contingency Review Board,* 2007 OK 27, n. 19, 163 P.3d 512, 519 for the proposition that "standing may be raised at any stage of the judicial process or by the court on its own motion."  *See* Majority Op. ¶ 4. Those cases cite *Matter of the Estate of Doan,* 1986 OK 15, ¶ 7, 727 P.2d 574, as authority for this proposition.  Arguably, however, *Doan* misstates the law:

> Ever since the Code of Civil Procedure was replaced in 1984 by the Pleading Code, our nomenclature for identifying the party entitled to sue, which began to follow that of federal jurisprudence, has used "standing" as if it were a functional equivalent of the earlier procedural terms of art—real party in interest, one with appealable interest, one occupying the aggrieved-party or pecuniary-interest status.  It was during this transition that one of our opinions inadvertently referred to "standing" in terms of a jurisdictional requirement, thus creating the misimpression that the term has a jurisdictional dimension.  Oklahoma's constitution has no case-or-controversy clause.  Standing is hence to be viewed as an adjective-law concept.  The inadvertent reference to the contrary should be treated as ineffective to alter standing's true character in the body of our procedural law.
>
>     . . . .
>
> I concur in today's opinion and in the disposition of the cause.  If I were writing for the court, I would additionally declare that *Doan*'s inadvertent reference to federal law is to be viewed as withdrawn.  *Lujan*'s tripartite standing test, which we adopt today, must be treated as having been received sans its federal jurisdictional baggage.

---

1.  In *Gill,* the plaintiff brought an action to foreclose a mortgage on real property.  There was no discussion in the case of whether the plaintiff had standing to bring the action or whether the plaintiff was the real party in interest.  In fact, the case was tried to the Court, and the appeal turned on the sufficiency of evidence presented at trial.  The *Gill* decision stands for the proposition that the assignment of the note carries with it an assignment of the mortgage.  It is not relevant to the standing analysis, nor does it stand for the proposition that the plaintiff must prove *at the time of filing* that it has a right to enforce the note.

*See Toxic Waste Impact Group,* 1994 OK 148, 890 P.2d 906 (Opala, J., concurring ¶ 4).

¶ 3 Additionally, both *Hendrick* and *Fent* were original actions in this Court. As such, "standing" could have been raised at any point by this Court sua sponte. However, in a proceeding in District Court, because it is a non-jurisdictional issue, failure to assert that the Plaintiff is not the real party in interest may be waived. *See Liddell v. Heavner,* 2008 OK 6, n. 5, 180 P.3d 1191 (Opala, J., majority Op.); *see also* 12 O.S.2012 § 2008(D).

¶ 4 In this case, the facts demonstrate that the Defendant argued below that Plaintiff did not have a stake in the foreclosure and was not the real party in interest. As such, the issue was properly appealed. However, the facts also demonstrate that the Plaintiff was in fact the real party in interest and was the proper party to pursue the foreclosure. 12 O.S.2012 § 2017. As such, I would affirm the trial court.

¶ 5 The majority also holds that a foreclosing party must have the "proper supporting documentation *in hand when filing suit." See* Majority Op. ¶ 10 (emphasis added). Oklahoma pleading procedure does not require a plaintiff to have all evidence necessary to prevail on its claim at the time of the filing. Rather, what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." 12 O.S.2012 § 2008(A)(1). Additionally, 12 O.S. 2012 § 2011(B)(3) provides that an attorney filing anything with the court certifies that to "the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, *are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."* 12 O.S.2012 § 2011(B)(3) (emphasis added).[2]

¶ 6 Mortgage foreclosures, like other civil actions, allow the parties to continue to investigate and discover evidence up until the time of judgment. In this case, the Plaintiff continued to investigate its claim up until the time of summary judgment. At the time of summary judgment it offered sufficient proof to the trial court that it had the right to foreclose on the mortgage.[3]

¶ 7 Plaintiff satisfied its burden of proof, the Defendant failed to file any response, and the trial court was correct in sustaining the motion and granting judgment to the Plaintiff. On appeal where no evidence indicates otherwise, there is a presumption that the judgment of the trial court conforms to the proof present at the trial. *Gilkes v. Gilkes,* 1964 OK 28, 389 P.2d 503. I cannot agree with the majority's holding that the plaintiff must have the "proper supporting documentation in hand when filing suit" because no authority states such and the Oklahoma pleading code requires otherwise. The procedure imposed by the majority in this case, will result in delay, will not affect the inevitable outcome of foreclosure, and will increase the homeowner's debt.[4]

---

2. Likewise, while I agree that the UCC applies in this case because the note is a negotiable instrument, the UCC does not require that a foreclosing entity prove *at the time of filing* that it is the person entitled to enforce the instrument.

3. Rule 13 of the Rules for District Courts permits a party to file evidentiary material with a motion for summary judgment. The Rule sets out a procedure for challenging affidavits that are attached to the motion. In this case, the Plaintiff included an affidavit of an officer, verifying that Plaintiff was the holder of the mortgage and the Note in question, and no challenge was made to that affidavit. Further, the Plaintiff presented a copy of the endorsed Note as an exhibit to its Motion for Summary Judgment. Defendant/Appellant failed to challenge the authenticity of the original document and pursuant to 12 O.S. § 3003 and 12A O.S. § 3–308(a), a copy is admissible.

4. Rather than dismiss the petition, on remand, the trial court may allow the Plaintiff to amend its petition. *HSBC Bank USA v. Lyon,* 2012 OK 10, ¶ 1, 276 P.3d 1002, 2012 WL 453621.