2012 OK 26

**NTEX REALTY, LP, Plaintiff/Appellee,**

v.

**Cindy A. TACKER and Theron Tacker, Wife and Husband, Defendants/Appellants.**

**No. 109,824.**

Supreme Court of Oklahoma.

April 3, 2012.

---

1.  Although I originally concurred in the majority opinion in *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, which the majority now relies on as its authority to decide this case, after further consideration, I disagree with the majority's analysis in that case, and my views on the issues in these cases are accurately reflected in *J.P. Morgan Chase Bank N.A. v. Eldridge*, 2012 OK 24, 273 P.3d 62 (Gurich, J. concurring in part and dissenting in part); *Kab-* ba, 2012 OK 23, 276 P.3d 1006, 2012 WL 738827 (Gurich, J. dissenting); *CPT Asset Backed Certificates, Series 2004–EC1 v. Kham*, 2012 OK 22, 278 P.3d 586, 2012 WL 727225 (Gurich, J. dissenting); *Deutsche Bank National Trust Co. v. Richardson*, 2012 OK 15, 273 P.3d 50 (Gurich, J. concurring in part and dissenting in part); and *Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J. dissenting).

Phillip A. Taylor, Taylor and Associates, Broken Arrow, Oklahoma, for Defendants/Appellants.

Charles C. Ward, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

COMBS, J.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

¶1 On January 26, 2007, Appellants executed a promissory note (hereinafter "Note") payable to Home Funds Direct, Inc. (hereinafter "Lender"). To secure payment of the Note, Appellants executed and delivered to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Lender, as mortgagee, a certain mortgage (hereinafter "Mortgage"), which conveyed and mortgaged to the mortgagee certain real property located in Rogers County, Oklahoma. In both the Note and Mortgage, Home Funds Direct, Inc., is named as the Lender and Payee. Appellants defaulted on the Note on July 1, 2010. Appellee initiated foreclosure proceedings on October, 27, 2010. A copy of the non-indorsed Note and Mortgage was included with the petition.

¶2 In their answer, Appellants denied that Appellee owned any interest in the Note and Mortgage, and challenged the authenticity of the documents included in the petition. Appellants then demanded production of the original Note and Mortgage. Appellee moved for summary judgment on March 3, 2011. In an attached affidavit, Appellee asserted that it currently held both the Note and Mortgage at issue, and again produced a copy of both the unindorsed Note and Mortgage. In response, Appellants argued that Appellee's motion for summary judgment was improper because the Note had never been negotiated. Appellants also asserted that because the copy of the Note was purportedly a "full, true, and correct copy of said Note," the original must also not be indorsed. Based on these reasons, Appellants concluded Appellee could not be the holder of the

Note and, therefore, was not the proper party to bring a foreclosure proceeding.

¶3 Appellee thereafter moved the district court, on June 13, 2011, by supplement to its motion, to view the original Note and Mortgage at the hearing for summary judgment. The supplemented motion incorporated an undated allonge, which transferred the Note from Lender to Appellee.[1] The allonge was not included in the original petition for foreclosure. The motion also included a document entitled "Assignment of Mortgage," (hereinafter "Assignment") which transferred the "described mortgage together with the certain note(s) described therein," to Appellee from MERS. The Assignment was acknowledged on November 19, 2009, and recorded by the County Clerk of Rogers County, Oklahoma, on June 8, 2011. The district court granted Appellee's Motion for Summary Judgment and entered an order for the sale of the real property located in Rogers County, Oklahoma. The Appellants now appeal the trial court's order granting summary judgment, arguing NTex Realty, LP, failed to demonstrate standing.

## STANDARD OF REVIEW

¶4 An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital*, 2006 OK 39, ¶4, 143 P.3d 203, 205.

¶5 Following the teachings of *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, ¶11, 270 P.3d 151, where we held:

1. According to Black's Law Dictionary (9th ed. 2009) an allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the pur-

pose of receiving further indorsements when the original paper is filled with indorsements." See, 12A O.S.2001, § 3–204(a).

To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 195 Okla. 607, 159 P.2d 717. Being a person entitled to enforce the note is an essential requirement to initiate a foreclosure lawsuit. In the present case, there is a question of fact as to when Appellee became a holder, and thus, a person entitled to enforce the note. Therefore, summary judgment is not appropriate. If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed without prejudice and the action may be re-filed in the name of the proper party. We reverse the granting of summary judgment by the trial court and remand back for further determinations as to when Appellee acquired its interest in the note.

We therefore find there is a question of fact as to when NTex acquired the note in the instant matter, and we remand this matter back to the trial court for further determination as to if and when NTex became a person entitled to enforce the note.

## CONCLUSION

¶ 6 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff. This is accomplished by showing the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S. 2001, 3–309 or 12A O.S.2001, 3–418. Likewise, for the homeowners, absent adjudica-

tion on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency and, therefore, this Court's decision in no way releases or exonerates the debt owed by the defendants on this home. See, *U.S. Bank National Association v. Kimball* 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (Vt.2011); and *Indymac Bank, F.S.B. v. Yano–Horoski*, 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010)

### REVERSED AND REMANDED WITH INSTRUCTIONS

¶ 7 CONCUR: TAYLOR, C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 8 DISSENT: WINCHESTER (JOINS GURICH, J.), GURICH (BY SEPARATE WRITING), JJ.

¶ 9 RECUSED: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins, dissenting:

¶ 1 I respectfully dissent. In this case, the record indicates that attached to Plaintiff's Amended Motion for Summary Judgment was the original note, an allonge that transferred the note to the Plaintiff, and an assignment of mortgage. After reviewing the original note and mortgage, the trial court found that Plaintiff was the owner of the note and mortgage and granted summary judgment in its favor. For the reasons stated in my dissenting opinions in *Deutsche Bank National Trust Co. v. Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J. dissenting) and *Bank of America, NA v. Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J. dissenting), I would affirm the trial court in this case.[1]

---

1. Although I originally concurred in the majority opinion in *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, which the majority now relies on as its authority to decide

this case, after further consideration, I disagree with the majority's analysis in that case, and my views on the issues in these cases are accurately reflected in *J.P. Morgan Chase Bank, N.A. v.*

*Eldridge*, 2012 OK 24, 273 P.3d 62 (Gurich, J. concurring in part and dissenting in part); *Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J. dissenting); *CPT Asset Backed Certificates, Series 2004–EC1 v. Kham*, 2012 OK 22, 278 P.3d 586 (Gurich, J. dissenting); *Deutsche Bank National Trust Co. v. Richardson*, 2012 OK 15, 273 P.3d 50 (Gurich, J. concurring in part and dissenting in part); and *Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J. dissenting).