2012 OK 25

**BAC HOME LOAN SERVICING, L.P., f/k/a Countrywide Home Loans Servicing, L.P., Plaintiff/Appellee,**

v.

**Jack R. SWANSON, Defendant/Appellant.**

**No. 108,079.**

Supreme Court of Oklahoma.

April 3, 2012.

---

24. I have long espoused a more frequent use of Rule 10 proceedings. See discussion, note 1, *supra.*

Jack R. Swanson, Pro Se, Broken Arrow, Oklahoma, for Defendant/Appellant.

Sally E. Garrison, Baer, Timberlake, Coulson & Cates, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

COMBS, J.

### FACTS

¶ 1 BAC Home Servicing, L.P. (BAC), filed a foreclosure petition against Jack R. Swanson on August 10, 2009. Attached to this petition was a copy of the note with an allonge dated February 5, 2007, transferring the note to Countrywide Bank, N.A., signed by a warehouse manager of Magnus Financial Corporation. There was no evidence presented showing this note was indorsed to BAC. No indication that BAC held any title was presented until the motion for summary judgment filed on December 23, 2009, which showed a blank endorsement on the allonge. The trial court granted BAC's Motion for Summary Judgment, and the Court of Civil Appeals affirmed this grant of Summary Judgment finding that there existed no question of fact and BAC was the holder of the note at the time of filing the Motion for Summary Judgment. Since this is in conflict with our recent holdings in *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, we have granted Certiorari. Standing is the dispositive issue in the instant case and, therefore, we are not addressing any other issues presented in the instant matter.

### STANDARD OF REVIEW

¶ 2 An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914

P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.,* 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital,* 2006 OK 39, ¶ 4, 143 P.3d 203, 205.

## ANALYSIS

■ ¶ 3 Following the teachings of *Deutsche Bank National Trust v. Brumbaugh,* 2012 OK 3, 270 P.3d 151, ¶ 11, where we held:

> To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City,* 1945 OK 181, 159 P.2d 717. Being a person entitled to enforce the note is an essential requirement to initiate a foreclosure lawsuit. In the present case, there is a question of fact as to when Appellee became a holder, and thus, a person entitled to enforce the note. Therefore, summary judgment is not appropriate. If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed without prejudice and the action may be re-filed in the name of the proper party. We reverse the granting of summary judgment by the trial court and remand back for further determinations as to when Appellee acquired its interest in the note.

We therefore find there is a question of fact as to when BAC acquired the note in the instant matter, and we remand this matter back to the trial court for further determination as to if and when BAC became a person entitled to enforce the note.

## CONCLUSION

¶ 4 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff. This is accomplished by showing the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S. 2001, § 3–309 or 12A O.S.2001, § 3–418. Likewise, for the homeowners, absent adjudication on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency and, therefore, this Court's decision in no way releases or exonerates the debt owed by the defendants on this home. See, *U.S. Bank National Association v. Kimball,* 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (VT 2011); and *Indymac Bank, F.S.B. v. Yano–Horoski,* 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; RULING OF THE TRIAL COURT IS REVERSED AND CAUSE IS REMANDED WITH INSTRUCTIONS**

¶ 5 CONCUR: TAYLOR, C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 6 DISSENT: WINCHESTER (JOINS GURICH, J.), GURICH (BY SEPARATE WRITING), JJ.

¶ 7 RECUSED: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins dissenting:

¶ 1 I respectfully dissent. In this case, the record indicates that attached to Plaintiff's Motion for Summary Judgment was an indorsed-in-blank allonge. Because the Plaintiff was the proper party to pursue the foreclosure and because the Plaintiff presented the proper documentation at summary judg-

ment to prove such, the trial court correctly granted the Plaintiff's Motion for Summary Judgment. The Court of Civil Appeals, Division II, affirmed the trial court's grant of summary judgment, finding Plaintiff was the holder of the note at the time it filed its Motion for Summary Judgment and that the Defendant produced no evidence in the trial court to the contrary. In this case, I would affirm the trial court and the Court of Civil Appeals for the reasons stated in my dissenting opinions in *Deutsche Bank National Trust Co. v. Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J. dissenting) and *Bank of America, NA v. Kabba*, 2012 OK 23, 276 P.3d 1006, 2012 WL 738827 (Gurich, J. dissenting).[1]

---

1. Although I originally concurred in the majority opinion in *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, which the majority now relies on as its authority to decide this case, after further consideration, I disagree with the majority's analysis in that case, and my views on the issues in these cases are accurately reflected in *J.P. Morgan Chase Bank N.A. v. Eldridge*, 2012 OK 24, 273 P.3d 62 (Gurich, J. concurring in part and dissenting in part); *Kab-* ba, 2012 OK 23, 276 P.3d 1006, 2012 WL 738827 (Gurich, J. dissenting); *CPT Asset Backed Certificates, Series 2004–EC1 v. Kham*, 2012 OK 22, 278 P.3d 586, 2012 WL 727225 (Gurich, J. dissenting); *Deutsche Bank National Trust Co. v. Richardson*, 2012 OK 15, 273 P.3d 50 (Gurich, J. concurring in part and dissenting in part); and *Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J. dissenting).