OSCN Found Document:RICHARDSON v. STATE ex rel. OKLAHOMA TAX COMMISSION

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 RICHARDSON v. STATE ex rel. OKLAHOMA TAX COMMISSION
2017 OK 85
Case Number: 116162
Decided: 11/01/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 85, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

GARY L. RICHARDSON, as a resident taxpayer, of the State of Oklahoma, Petitioner,
v.
STATE OF OKLAHOMA, ex rel. OKLAHOMA TAX COMMISSION, THE HONORABLE MARY FALLIN, GOVERNOR, in her official capacity, THE HONORABLE MIKE SCHULZ, SENATE PRESIDENT PRO TEMPORE, in his official capacity, THE HONORABLE REPRESENTATIVE CHARLES MCCALL, SPEAKER OF THE HOUSE, in his official capacity, Respondents.

ON APPLICATION T0 ASSUME ORIGINAL JURISDICTION AND PETITION
FOR DECLARATORY RELIEF AND WRITS OF PROHIBITION AND/OR
MANDAMUS

¶0 Petitioner, Gary Richardson, requests this Court assume original jurisdiction to grant declaratory and other appropriate relief. Petitioner alleges that House Bills (H.B.) 2433, 2348, and 1449 are revenue bills that violate Article V, Section 33 of the Oklahoma Constitution. We deny original jurisdiction.

ORIGINAL JURISDICTION DENIED.

Stanley M. Ward, Woodrow K. Glass, R. Ben Houston, Brent L. Neighbors, Barrett T. Bowers, Geoffrey A. Tabor, and Jonathan M. Irwin, Ward & Glass, LLP, Norman, Oklahoma, for Petitioner.

Mithun Mansinghani, Michael K. Velchik, Abby Dillsaver, and Ethan Shaner, Office of the Oklahoma Attorney General, and Marjorie L. Welch, Oklahoma Tax Commission, Oklahoma City, Oklahoma, for Respondents.

WATT, J.: 

¶1 On June 28, 2017, Petitioner filed an application to assume original jurisdiction, in this Court, to challenge H.B. 2433,[1] 2348,[2] and 1449[3] as unconstitutional revenue bills under Article V, Section 33 of the Oklahoma Constitution and to request declaratory judgment or other relief. Respondents argued that none of the bills are revenue bills, therefore they do not violate Article V, Section 33. On August 8, 2017, we heard oral arguments in this matter.

¶2 H.B. 2433 partially removes the exemption from paying state sales tax on the purchase of a motor vehicle. On August 31, 2017, this Court determined that removals of exemptions are not levies of a tax in the strict sense of the word and thus are not revenue bills. Okla. Auto. Dealers Ass'n v. State ex rel. Okla. Tax Comm'n (Auto. Dealers), 2017 OK 64, ¶ 0, __ P.3d __. Consequently, the Court found that H.B. 2433 is not subject to the restrictions of Article V, Section 33 of the Oklahoma Constitution and is constitutional. Id. 

¶3 H.B. 2348 uncouples the standard Oklahoma income tax deduction from the amount allowed by the Internal Revenue Code and freezes it at the 2017 level for taxable years beginning on or after January 1, 2017. It passed with more than 51%, but less than 75%, of the vote in both chambers in early May 2017. It is unclear at this time whether it will raise revenue for the state, and if so to what extent, as the federal standard deduction for 2018 or beyond has not been declared.

¶4 H.B. 1449 created the Motor Fuels Tax Fee for electric-drive and hybrid-drive vehicles, of $100 and $30 per year respectively, and directed the money from the fees be deposited to the State Highway Construction and Maintenance Fund. On October 24, 2017, this Court determined that the Motor Fuels Tax Fee created by H.B. 1449 was both for a revenue raising purpose and was a levy of a tax in the strict sense of the word. Sierra Club v. State ex rel. Okla. Tax Comm'n, 2017 OK 83, ¶¶ 16, 25, 26, __ P.3d __. Consequently, the Court found that H.B. 1449 is a revenue bill subject to the restrictions of Article V, Section 33 of the Oklahoma Constitution and is unconstitutional. Id. ¶ 26. 

¶5 To be appropriate for judicial inquiry, a controversy must be justiciable. Dank v. Benson, 2000 OK 40, ¶ 8, 5 P.3d 1088, 1091. A justiciable controversy must be definite, concrete, and capable of a decision granting or denying specific relief of a conclusive nature. Id. This Court will not decide abstract or hypothetical questions. Rogers v. Excise Bd. of Greer Cty., 1984 OK 95, ¶ 15, 701 P.2d 754, 761. Article V, Section 33 of the Oklahoma Constitution only applies to bills that raise or increase revenue, not to revenue related bills which serve to decrease overall revenue. Fent v. Fallin, 2014 OK 105, ¶¶ 13, 18, 345 P.3d 1113, 1117-18. Because it is unclear at this time whether H.B. 2348 will increase revenue in Oklahoma, it is not ripe for review at this time.

¶6 Further, H.B. 2433 has already been addressed and found constitutional by this Court as not being subject to Article V, Section 33 of the Oklahoma Constitution in Auto. Dealers, 2017 OK 64, ¶ 0, __ P.3d __; therefore a challenge to H.B. 2433, for this reason, is moot. Likewise, H.B. 1449 has already been addressed and found unconstitutional by this Court in Sierra Club, 2017 OK 83, ¶ 26, __ P.3d __; therefore any challenge to H.B. 1449 is also moot.

¶7 Accordingly, we decline to assume original jurisdiction. No petition for rehearing may be filed. Okla. Sup. Ct. R. 1.13(g)(1), 12 O.S. Supp. 2013, ch. 15, app. 1.

ORIGINAL JURISDICTION DENIED.

Combs, C.J., Gurich, V.C.J., Kauger, Watt, Winchester, Edmondson, and Reif, JJ., concur;

Wyrick, J., concurs in judgment (by separate writing);

Colbert, J., recused.

FOOTNOTES

[1] 2017 Okla. Sess. Laws 1352 (effective July 1, 2017)(codified at 68 O.S. Supp. 2017, §§ 1355, 2106, 1361, 1402, 1404).

[2] 2017 Okla. Sess. Laws 737 (approved by Governor May 17, 2017)(codified at 68 O.S. Supp. 2017, §§ 2358, 2368).

[3] 2017 Okla. Sess. Laws 1292 (effective November 1, 2017) (to be codified at 47 O.S. Supp. 2017, § 1132.7, 69 O.S. Supp. 2017, § 1501).

Wyrick, J., concurring in the judgment:

¶1 I agree that we should decline to assume original jurisdiction for lack of a justiciable case, but I would decline based on the fact that Petitioner lacks standing. [1] One of the requirements for standing is that the party demonstrate an "injury in fact- -an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[2] With respect to Petitioner's challenge to H.B. 2348, Petitioner does not allege that he takes the standard deduction, nor that he plans to take the standard deduction in the future. [3] Petitioner thus has no claim that he will be injured by a change in the standard deduction amount, and he accordingly lacks standing to challenge it. For this reason, I concur in the judgment only.

FOOTNOTES

[1] See Deutsche Bank Nat'l Trust Co. v. Matthews, 2012 OK 14, ¶ 4, 273 P.3d 43, 45-46 ("[A] plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, 'standing [must] be determined as of the commencement of suit." (alteration in original) (quoting Lujan v. Defenders of Wildlife, 504 U.S 555, 570 n.5 (1992)). See generally Hendrick v. Walters, 1993 OK 162, ¶ 5 n.14, 865 P.2d 1232, 1236 n.14 ("Since our standing standards are analogous to those pronounced by the United States Supreme Court, the latter's jurisprudence is instructive."); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006) ("Article III standing . . . enforces the Constitution's case-or-controversy requirement."(alteration in original) (quoting Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)). Compare Okla. Const. art. VII, § 4 ("The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity . . . ."), with U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity . . . .").

[2] Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted); accord Cities Serv. Co. v. Gulf Oil Corp., 1999 OK 16, ¶ 3, 976 P.2d 545, 547.

[3] Pet'r's Reply Br. 2 (arguing instead that, because the law is allegedly unconstitutional, he should have standing to "protect the public as a whole from having to pay illegal taxes").

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 162, 865 P.2d 1232, 65 OBJ 33, Hendrick v. Walters
Discussed
 2012 OK 14, 273 P.3d 43, DEUTSCHE BANK NATIONAL TRUST COMPANY v. MATTHEWS
Discussed
 2014 OK 105, 345 P.3d 1113, FENT v. FALLIN
Discussed
 2017 OK 64, 401 P.3d 1152, OKLAHOMA AUTOMOBILE DEALERS ASSOC. v. STATE ex rel. OKLAHOMA TAX COMM.
Discussed
 2017 OK 83, SIERRA CLUB v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed
 2000 OK 40, 5 P.3d 1088, 71 OBJ 1291, Dank v. Benson
Discussed
 1999 OK 16, 976 P.2d 545, 70 OBJ 778, Cities Service Co. v. Gulf Oil Corp.
Discussed
 1984 OK 95, 701 P.2d 754, Rogers v. Excise Bd. of Greer County
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 1132.7, Additional Registration Fees - Electric-Drive and Hybrid-Drive Motor Vehicles
Cited
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 1355, Exemptions - Subject to Other Tax
Cited
 68 O.S. 2358, Taxable Income and Adjusted Gross Income - Adjustments to Arrive at Oklahoma Taxable Income
Cited
Title 69. Roads, Bridges, and Ferries
 Cite
Name
Level

 69 O.S. 1501, State Highway Construction and Maintenance Fund
Cited