2012 OK 10

**HSBC BANK USA, NATIONAL ASSOCIATION, as trustee for WFHET 2006–2, Plaintiff/Appellee,**

v.

**Wesley B. LYON and Pamela Lyon, Defendants/Appellants.**

**No. 109,905.**

Supreme Court of Oklahoma.

Feb. 14, 2012.

Rehearing Denied April 16, 2012.

---

A. Grant Schwabe, Kivell, Rayment and Francis, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

Mark Edward Hardin, Tulsa, Oklahoma, for Plaintiff/Appellee.

Kari Y. Hawkins, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Philip A. Taylor, Broken Arrow, Oklahoma, for Defendant/Appellants.

COMBS, J.

### FACTUAL AND PROCURAL HISTORY

¶ 1 In a petition filed on November 25, 2008, HSBC Bank USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WFHET 2006–2 (hereinafter HSBC), claiming to be the present holder of the note, initiated a foreclosure action against Wesley B. Lyon and Pamela Lyon (hereinafter Lyons). HSBC claimed, at that time, to hold the note and mortgage. HSBC filed a first amended petition on December 15, 2008, adding additional defendants, but continuing to assert its status as the "present holder of said note and mortgage." The Lyons answered denying all of the claims made by HSBC. HSBC then moved for Summary Judgment, on September 29, 2009, asserting to be the owner and holder of the note sued upon, and the owner and holder of the mortgage having received an assignment of the mortgage dated August 31, 2009, which was filed in the records of the Rogers County Clerk on September 15, 2009. The Lyons, noting the facial deficiencies of the unindorsed note filed in the original action, asserted HSBC's lack of standing. The trial court, by an order filed December 3, 2009, denied HSBC's Motion for Summary Judgment. Additionally, the trial court held the petition was dismissed without prejudice to refiling, and allowed HSBC twenty (20) days to file an amended petition. HSBC filed its second amended petition on December 22, 2009, asserting its status as the holder of the note by reason of an indorsement and the assignment of the mortgage recorded on September 15, 2009. A review of the note attached to the second amended petition demonstrates a blank indorsement from the original lender, Wells Fargo Bank, NA (hereinafter WFB), indorsed "without recourse to the bearer" and signed by a vice president of

WFB. HSBC then filed a renewed Motion for Summary Judgment on February 16, 2011, which was granted on April 13, 2011 by the trial court.

## STANDARD OF REVIEW

■ ¶ 2 An appeal on summary judgment comes to this court as a de novo review. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital*, 2006 OK 39, ¶ 4, 143 P.3d 203, 205.

## ANALYSIS

¶ 3 Appellant argues Appellee does not have standing to bring this foreclosure action. The face of the note, attached to the second amended petition, indicates it was indorsed in blank, and was properly filed with the second amended petition on December 22, 2009. The trial court had previously denied the first Motion for Summary Judgment based upon the first amended petition by order of December 3, 2009. The present review is of the order granting summary judgment based upon the second amended petition.

■ ¶ 4 The issue presented to this Court is standing. This Court has previously held: Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome. *Matter of the Estate of Doan*, 1986 OK 15, ¶ 7, 727 P.2d 574, 576. In *Hendrick v. Walters*, 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234, this Court also held:

Respondent challenges Petitioner's standing to bring the tendered issue. Standing refers to a person's legal right to seek relief in a judicial forum. *It may be raised as an issue at any stage of the judicial process by any party or by the court sua sponte.* (emphasis original)

Furthermore, in *Fent v. Contingency Review Board*, 2007 OK 27, footnote 19, 163 P.3d 512, 519, this Court stated "[s]tanding may be raised at any stage of the judicial process or by the court on its own motion." Additionally in *Fent*, this Court stated:

Standing refers to a person's legal right to seek relief in a judicial forum. The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact—*i.e.*, suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision. The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse.

*Fent v. Contingency Review Board*, 2007 OK 27, ¶ 7, 163 P.3d 512, 519–520. In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, "standing [must] be determined as of the commencement of suit; . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n. 5, 112 S.Ct. 2130, 2142 n. 5, 119 L.Ed.2d 351 (1992).

■ ¶ 5 To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 159 P.2d 717.[1] Because the note is a negotiable in-

---

1. This opinion was promulgated prior to the enactment of the UCC. It is, however, possible for the owner of the note not to be the person entitled to enforce the note if the owner is not in possession of the note. (See the *REPORT OF*

*THE PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL*

strument, it is subject to the requirements of the UCC. A foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument" by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A–3–309 or subsection (d) of Section 12A–3–418 of this title." 12A O.S.2001 § 3–301.

■ ¶ 6 To demonstrate you are the "holder" of the note you must establish you are in possession of the note and the note is either "payable to bearer" (blank indorsement) or to an identified person that is the person in possession (special indorsement).[2] Therefore, both possession of the note and an indorsement on the note or attached allonge [3] are required in order for one to be a "holder" of the note.

■ ¶ 7 In the present case, Appellee has presented evidence of an indorsed-in-blank note. Appellee must prove it is the holder of the note or the nonholder in possession who has the rights of a holder **prior** to the filing of the foreclosure proceeding. The trial court's actions have cured any deficiencies. The dismissal of the original action and the first Motion for Summary Judgment filed therein, and requiring the refiling of the second amended petition with the attached note demonstrating a proper indorsement, effectively cured any lack of standing in the initial filing. Thus, by the filing of the second amended petition with a properly indorsed note and a properly assigned mortgage attached thereto, HSBC has shown it was a person entitled to enforce the instrument as the holder of the note. 12A O.S. 2001 § 3–301.

■ ¶ 8 In the present matter, the trial court properly granted HSBC's Motion for Summary Judgment. HSBC established, in support of the motion for summary judgement following the second amended petition,

*CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER 14, 2011)).*

**2.** 12A O.S.2001, §§ 1–201(b)(21), 3–204 and 3–205.

it was the current holder of the note, and proved the Lyons had not made a payment on the house since their July 1, 2008, installment payment. HSBC further proved the Lyons have made no tender of sufficient and certified moneys to reinstate the Note; there has been no extension or renewal of Note; no arrangement or agreement has been made with HSBC to delay the entry of judgment in the foreclosure action; the Lyons did not contest the validity of the Mortgage or the validity of HSBC's lien upon the property; and the Lyons did not contest the genuineness, authenticity and execution of the Note and Mortgage. An affidavit presented by WFB shows the installment payments due on August 1, 2008, and subsequent installments have not been received from the Lyons. 12 O.S. Supp.2009, § 2008(C)(14) provides:

> AFFIRMATIVE DEFENSES. In pleading to a preceding pleading, a party shall set forth affirmatively:
>
> 14. Payment.

See also, *Cummins v. Morris,* 1938 OK 107, ¶ 4–6, 76 P.2d 897, 898.

■ ¶ 9 The party alleging proof of payment has the burden of so proving. *Liberty National Bank of Weatherford v. Simpson,* 1940 OK 258, ¶ 4, 102 P.2d 844, 846. In the present matter the Lyons did not present any evidence sufficient to challenge the allegations of default or establish a controverted issue as to payment. In *Weeks v. Wedgewood Village, Inc.,* 1976 OK 72, ¶ 11, 554 P.2d 780, 784. The Court held:

> The mere assertion in pleading, when attacked by a motion for summary judgment supported by proof of specific facts in the form of an affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleadings. He cannot withhold this showing until the time of trial.

**3.** According to Black's Law Dictionary (9th ed.2009) an allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." See, 12A O.S.2001, § 3–204(a).

In the present matter, the Lyons have failed to show any affirmative evidence of payment or any evidence that they were not in default. The Lyons have failed to produce a single fact contravening the sworn testimony within HSBC's affidavit, and the note and mortgage. The Lyons have failed to present any evidence that they are not in default.

¶ 10 Appellee must show it became a "person entitled to enforce" **prior** to the filing of the foreclosure proceeding. In the present case, the trial court's actions have cured any deficiencies. Dismissal of the original action in the Motion for Summary Judgment, and requiring the refiling of the note showing the proper indorsement, cured any error in the initial filing. Therefore, we affirm the granting of summary judgment by the trial court.

**SUMMARY JUDGMENT AFFIRMED**

¶ 11 CONCUR: TAYLOR, C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 12 CONCUR IN RESULT: WINCHESTER, GURICH, JJ.

¶ 13 RECUSED: COLBERT, V.C.J.