2012 OK 23

**BANK OF AMERICA, NA, Plaintiff/Appellee,**

**v.**

**Momodu Ahmed KABBA, Defendant/Appellant,**

**and**

**Humu Hawah Kabba, John Doe and Jane Doe, Defendants.**

**No. 109,660.**

Supreme Court of Oklahoma.

March 6, 2012.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

A. Grant Schwabe, Kivell, Rayment and Francis, Tulsa, Oklahoma, for Plaintiff/Appellee.

James P. Cates, Baer Timberlake Coulson & Cates, PC, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

J.R. Matthews, J R Matthews LLC, Oklahoma City, Oklahoma, for Defendant/Appellants.

COMBS, J.

## FACTUAL AND PROCURAL HISTORY

¶ 1 In a petition filed on March 11, 2010, Bank of America, NA, claiming to be the present holder of the note (hereinafter Bank of America) initiated a foreclosure action against Kabba and his wife. Bank of America claimed, at that time, to hold the note and mortgage as Successor by Merger to LaSalle Bank National Association, as Trustee under the Trust agreement for the Structured Asset Investment Loan Trust Series 2004–BNC2. A review of the note shows a blank indorsement. This blank indorsement was filed with the lower court for the first time in the motion for summary judgment. The blank indorsement was not mentioned or referenced in the original petition.

BNC Mortgage, Inc., was the original lender. Bank of America filed with the Court Clerk of Cleveland County, a document entitled "Assignment of Real Estate Mortgage" on January 17, 2011, therein claiming the assignment to be effective as of February 9, 2010. This was nine months after the filing of the petition to foreclose. Additionally, this "Assignment of Mortgage," signed by Mortgage Electronic Registrations Systems, Inc. (hereinafter MERS), as nominee for BNC Mortgage, Inc., and its successors and assigns, merely named Bank of America as Successor by Merger to LaSalle Bank National Association, as Trustee under the Trust agreement for the Structured Asset Investment Loan Trust Series 2004–BNC2. There was no mention of the note in this "Assignment of Mortgage". On June 13, 2011, Summary judgment was granted and memorialized by a Final Journal Entry of Judgment order in Bank of America's favor, against Kabba and his wife. Kabba appeals this summary judgment asserting Bank of America failed to demonstrate standing.

## STANDARD OF REVIEW

¶ 2 An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be

considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital*, 2006 OK 39, ¶ 4, 143 P.3d 203, 205.

## ANALYSIS

¶ 3 Appellant argues Appellee does not have standing to bring this foreclosure action. Although Appellee has argued it holds the note, there is nothing in the record that shows when Appellee became the holder. The face of the note indicates it was indorsed in blank. However, this indorsement was not filed with the petition but with the motion for summary judgment. The purported "Assignment of Mortgage" was filed after the filing of the foreclosure proceedings and was signed by MERS, and not BNC Mortgage, Inc. The "Assignment of Mortgage" at no time mentioned the note.

■ ¶ 4 The issue presented to this Court is standing. This Court has previously held:

Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.

*Matter of the Estate of Doan*, 1986 OK 15, ¶ 7, 727 P.2d 574, 576. In *Hendrick v. Walters*, 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234, this Court also held:

Respondent challenges Petitioner's *standing* to bring the tendered issue. Standing refers to a person's legal right to seek relief in a judicial forum. *It may be raised as an issue at any stage of the judicial process by any party or by the court sua sponte.* (emphasis original)

Furthermore, in *Fent v. Contingency Review Board*, 2007 OK 27, footnote 19, 163 P.3d 512, 519, this Court stated "[s]tanding may be raised at any stage of the judicial process or by the court on its own motion." Additionally in *Fent*, this Court stated:

Standing refers to a person's legal right to seek relief in a judicial forum. The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact—*i.e.*, suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision. The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse.

*Fent v. Contingency Review Board*, 2007 OK 27, ¶ 7, 163 P.3d 512, 519–520. In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, "standing [must] be determined as of the commencement of suit; ... " *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n. 5, 112 S.Ct. 2130, 2142 n. 5, 119 L.Ed.2d 351 (1992).[1]

■ ¶ 5 To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 159 P.2d 717.[2] An assignment of the mort-

1. The dissenting opinion in this matter relies upon Justice Opala's concurring opinion in *Toxic Waste Impact Group, Inc. v. Leavitt*, 1994 OK 148, 890 P.2d 906, for the proposition that standing is not a jurisdictional question. Justice Opala's concurring opinion was not the majority opinion of this Court and as such "a minority opinion has no binding, precedential value." 20 Am.Jur.2d Courts § 138.

2. This opinion was promulgated prior to the enactment of the UCC. It is, however, possible for the owner of the note not to be the person entitled to enforce the note if the owner is not in possession of the note. (See the *REPORT OF THE PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER 14, 2011)).*

gage, however, is of no consequence because under Oklahoma law, "[p]roof of ownership of the note carried with it ownership of the mortgage security." *Engle v. Federal Nat. Mortg. Ass'n*, 1956 OK 176, ¶ 7, 300 P.2d 997, 999. Therefore, in Oklahoma it is not possible to bifurcate the security interest from the note. *BAC Home Loans Servicing, L.P. v. White*, 2011 OK CIV APP 35, ¶ 10, 256 P.3d 1014, 1017. Because the note is a negotiable instrument, it is subject to the requirements of the UCC. A foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument" by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A–3–309 or subsection (d) of Section 12A–3–418 of this title." 12A O.S.2001 § 3–301.

¶ 6 To demonstrate you are the "holder" of the note you must establish you are in possession of the note and the note is either "payable to bearer" (blank indorsement) or to an identified person that is the person in possession (special indorsement).[3] Therefore, both possession of the note and an indorsement on the note or attached allonge[4] are required in order for one to be a "holder" of the note.

¶ 7 To be a "nonholder in possession who has the rights of a holder" you must be in possession of a note that has not been indorsed either by special indorsement or blank indorsement. Negotiation is the voluntary or involuntary transfer of an instrument by a person other than the issuer to a person who thereby becomes its holder. 12A O.S. 2001, 3–201. Transfer occurs when the instrument is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument. 12A O.S.2001, § 3–203. Delivery of the note would still have to occur even though there is no negotiation. Delivery is defined as the voluntary transfer of possession. 12A O.S.2001, § 1–201(b)(15).

The transferee would then be vested with any right of the transferor to enforce the note. 12A O.S.2001, § 3–203(b). Some jurisdictions have held, without holder status and therefore the presumption of a right to enforce, the possessor of the note must demonstrate both the fact of the delivery and the purpose of the delivery of the note to the transferee in order to qualify as the person entitled to enforce. *In re Veal*, 450 B.R. 897, 912 (B.A.P. 9th Cir.2011). See also, 12A O.S.2001, § 3–203.

¶ 8 In the present case, Appellee has only presented evidence of an indorsed-in-blank note and an "Assignment of Mortgage." Appellee must prove that it is the holder of the note or the nonholder in possession who has the rights of a holder **prior** to the filing of the foreclosure proceeding. In the present matter the timeliness of the transfer is in question. Since Bank of America did not file the blank indorsement until it filed its motion for summary judgment it is impossible to determine from the record when Bank of America acquired its interest in the underlying note.

¶ 9 The assignment of a mortgage is not the same as an assignment of the note. If a person is trying to establish they are a nonholder in possession who has the rights of a holder they must bear the burden of establishing their status as a nonholder in possession with the rights of a holder. Appellee must establish delivery of the note as well as the purpose of that delivery. In the present case, it appears Appellee is trying to use the "Assignment of Mortgage" in order to establish the purpose of delivery. The "Assignment of Mortgage" purports to transfer "[f]or value received, the undersigned, Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage, Inc., and its successors and assigns does hereby assign, transfer and set over unto Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust

---

**3.** 12A O.S.2001, §§ 1–201(b)(21), 3–204 and 3–205.

**4.** According to Black's Law Dictionary (9th ed. 2009) an allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." See, 12A O.S.2001, § 3–204(a).

Series 2004–BNC2, that certain real estate mortgage dated August 30, 2004, granted by Momodu Ahmed Kabba and Humu Hawah Kabba, husband and wife. . . ." This language has been determined by other jurisdictions to not effect an assignment of a note but to be useful only in identifying the mortgage. Therefore, this language is neither proof of transfer of the note nor proof of the purpose of any alleged transfer. See, *In re Veal*, 450 B.R. 897, 905 (B.A.P. 9th Cir.2011).

¶ 10 Appellee must show it became a "person entitled to enforce" **prior** to the filing of the foreclosure proceeding. In the present case, there is a question of fact as to when and if this occurred and summary judgment is not appropriate. Therefore, we reverse the granting of summary judgment by the trial court and remand back for further determinations. If it is determined Bank of America became a person entitled to enforce the note, as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed **without prejudice** and the action may be re-filed in the name of the proper party.

## CONCLUSION

¶ 11 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff. This is accomplished by showing the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S. 2001, § 3–309 or 12A O.S.2001, § 3–418. Likewise, for the homeowners, absent adjudi-

cation on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency and therefore, this Court's decision in no way releases or exonerates the debt owed by the defendants on this home. See, *U.S. Bank National Association v. Kimball*, 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (VT 2011); and *Indymac Bank, F.S.B. v. Yano–Horoski*, 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

## REVERSED AND REMANDED WITH INSTRUCTIONS

¶ 12 CONCUR: TAYLOR, C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 13 DISSENT: WINCHESTER (Joins GURICH, J.), GURICH (By Separate Writing), JJ.

¶ 14 RECUSED: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins dissenting.

¶ 1 I respectfully dissent. In this case, the record indicates that attached to Plaintiff's Motion for Summary Judgment was an indorsed-in-blank note, an assignment of mortgage, and an affidavit verifying Plaintiff was the holder of the note and mortgage.[1] Because the Plaintiff was the proper party to pursue the foreclosure and because the Plaintiff presented the proper documentation at summary judgment to prove such, I would affirm the trial court.

¶ 2 The majority states that "[t]o commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note, and absent a showing of ownership, the plaintiff lacks standing," citing *Gill v. First Nat. Bank & Trust Co.*, 1945 OK 181, 159 P.2d 717.[2] *See* Majority Op. ¶ 5.

---

1. The record also indicates that the Defendant filed an answer and counterclaim pro se, but was later represented by counsel who filed a Combined Response and Objections to Plaintiff's Motion for Summary Judgment and a Counter–Motion for Summary Judgment. At the hearing on the motions, the trial judge considered arguments of Counsel for the parties and reviewed the evidentiary materials offered, including the original note, the original mortgage, the assignment of the mortgage, and the affidavit.

2. In *Gill*, the plaintiff brought an action to foreclose a mortgage on real property. There was no discussion in the case of whether the plaintiff had standing to bring the action or whether the plaintiff was the real party in interest. In fact, the case was tried to the Court, and the appeal turned on the sufficiency of evidence presented at trial. The *Gill* decision stands for the proposition that the assignment of the note carries with it an assignment of the mortgage. It is not relevant to the standing analysis, nor does it stand for the proposition that the plaintiff must

I agree that in any foreclosure action a party must demonstrate it is the proper party to request adjudication of the issues. However, the issue of whether a party is the proper party to request adjudication of the issues is a real-party-in-interest issue, not an issue of "standing," as the majority frames it. *See Toxic Waste Impact Group, Inc. v. Leavitt,* 1994 OK 148, 890 P.2d 906 (Opala, J., concurring). Justice Opala framed the issue correctly in *Toxic Waste Impact Group:*

> Standing in the federal legal system is imbued with a constitutional/jurisdictional dimension, while in the body of state law it *fits under the rubric of ordinary procedure.* The U.S. Constitution, Article III, has long been held to require that a "case" or "controversy" is essential to invoke federal judicial jurisdiction and that a person's competence to bring an action is a core component of standing in a case-or-controversy inquiry. It is for this reason that standing is an integral part of the mechanism for invoking the federal judiciary's power.

> Oklahoma's fundamental law places no restraint on the judiciary's power analogous to the federal case-or-controversy requirement. Under the earlier Code of Civil Procedure the suit had to be brought by the real party in interest. That requirement has always been non-jurisdictional. If a state court proceeded to adjudicate a claim pressed by one not in that status, its decision was not fraught with jurisdictional infirmity but rather regarded as erroneous for want of proof to establish an important element of the claim. An error in this category is waivable at the option of the defendant; and, if not asserted on appeal, the reviewing court may reach the merits of the case despite a plaintiff's apparent lack of standing at nisi prius.

*Toxic Waste Impact Group, Inc. v. Leavitt,* 1994 OK 148, 890 P.2d 906 (Opala, J., concurring, ¶¶ 2–3) (emphasis added); *see also Black Hawk Oil Co. v. Exxon,* 1998 OK 70, ¶ 24, 969 P.2d 337, 344 ("Using the term 'standing' to designate real-party-in-interest issues tempts courts to apply standing principles outside the context in which they were developed.... A defendant is entitled to have the suit against him prosecuted by the

'real party in interest' but 'his concern ends when a judgment for or against the nominal plaintiff would protect defendant from any action on same demand by another.' ") (Watt, J., Majority Op.)

¶ 3 The majority in this case cites *Hendrick v. Walters,* 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234 and *Fent v. Contingency Review Board,* 2007 OK 27, n. 19, 163 P.3d 512, 519 for the proposition that "standing may be raised at any stage of the judicial process or by the court on its own motion." *See* Majority Op. ¶ 4. Those cases cite *Matter of the Estate of Doan,* 1986 OK 15, ¶ 7, 727 P.2d 574, as authority for this proposition. Arguably, however, *Doan* misstates the law:

> Ever since the Code of Civil Procedure was replaced in 1984 by the Pleading Code, our nomenclature for identifying the party entitled to sue, which began to follow that of federal jurisprudence, has used "standing" as if it were a functional equivalent of the earlier procedural terms of art—real party in interest, one with appealable interest, one occupying the aggrieved-party or pecuniary-interest status. It was during this transition that one of our opinions inadvertently referred to "standing" in terms of a jurisdictional requirement, thus creating the misimpression that the term has a jurisdictional dimension. Oklahoma's constitution has no case-or-controversy clause. Standing is hence to be viewed as an adjective-law concept. The inadvertent reference to the contrary should be treated as ineffective to alter standing's true character in the body of our procedural law.

> ....

> I concur in today's opinion and in the disposition of the cause. If I were writing for the court, I would additionally declare that *Doan's* inadvertent reference to federal law is to be viewed as withdrawn. *Lujan's* tripartite standing test, which we adopt today, must be treated as having been received sans its federal jurisdictional baggage.

*See Toxic Waste Impact Group,* 1994 OK 148, 890 P.2d 906 (Opala, J., concurring ¶ 4).

prove *at the time of filing* that it has a right to   enforce the note.

¶ 4 Additionally, both *Hendrick* and *Fent* were original actions in this Court. As such, "standing" could have been raised at any point by this Court sua sponte. However, in a proceeding in District Court, because it is a non-jurisdictional issue, failure to assert that the Plaintiff is not the real party in interest may be waived. *See Liddell v. Heavner,* 2008 OK 6, n. 5, 180 P.3d 1191 (Opala, J., Majority Op.); *see also* 12 O.S.2012 § 2008(D).

¶ 5 In this case, the facts demonstrate that the Defendant argued below that Plaintiff did not have a stake in the foreclosure and was not the real party in interest. As such, the issue was properly appealed. However, the facts also demonstrate that the Plaintiff was in fact the real party in interest and was the proper party to pursue the foreclosure. 12 O.S.2012 § 2017. As such, I would affirm the trial court.

¶ 6 The majority also holds that a foreclosing party must have the "proper supporting documentation *in hand when filing suit.*" *See* Majority Op. ¶ 10 (emphasis added). Oklahoma pleading procedure does not require a plaintiff to have all evidence necessary to prevail on its claim at the time of the filing. Rather, what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." 12 O.S.2012 § 2008(A)(1). Additionally, 12 O.S.2012 § 2011(B)(3) provides that an attorney filing anything with the court certifies that to "the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, *are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.*" 12 O.S.2012 § 2011(B)(3) (emphasis added).[3]

¶ 7 Mortgage foreclosures, like other civil actions, allow the parties to continue to investigate and discover evidence up until the time

---

**3.** Likewise, while I agree that the UCC applies in this case because the note is a negotiable instrument, the UCC does not require that a foreclosing entity prove *at the time of filing* that it is the person entitled to enforce the instrument.

**4.** Rule 13 of the Rules for District Courts permits a party to file evidentiary material with a motion for summary judgment. In this case, Plaintiff

of judgment. In this case, the Plaintiff continued to investigate its claim up until the time of summary judgment. At the time of summary judgment it offered sufficient proof to the trial court that it had the right to foreclose on the mortgage.[4]

¶ 8 Plaintiff satisfied its burden of proof, and the trial court was correct in sustaining the motion and granting judgment to the Plaintiff. On appeal where no evidence indicates otherwise, there is a presumption that the judgment of the trial court conforms to the proof present at the trial. *Gilkes v. Gilkes,* 1964 OK 28, 389 P.2d 503. I cannot agree with the majority's holding that the plaintiff must have the "proper supporting documentation in hand when filing suit" because no authority states such and the Oklahoma pleading code requires otherwise. The procedure imposed by the majority in this case will result in delay, will not affect the inevitable outcome of foreclosure, and will increase the homeowner's debt.[5]

---

offered an indorsed-in-blank note, an assignment of mortgage, and an affidavit verifying Plaintiff as the holder of the note and mortgage.

**5.** On remand, rather than dismiss the petition, the trial court may allow the Plaintiff to amend its petition. *HSBC Bank USA v. Lyon,* 2012 OK 10, ¶ 1, 276 P.3d 1002.