IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: May 1, 2014

Docket No. 31,503

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR MORGAN
STANLEY ABS CAPITAL 1 INC. TRUST
2006-NC4,

      Plaintiff-Appellee,

v.

BENEFICIAL NEW MEXICO INC., d/b/a
BENEFICIAL MORTGAGE CO.; and THE
UNKNOWN SPOUSE OF JOHNNY LANCE
JOHNSTON,

      Defendants,

JOHNNY LANCE JOHNSTON,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Manuel I. Arrieta, District Judge

Holland & Hart LLP
Larry J. Montaño
Santa Fe, NM

for Appellee

Jane B. Yohalem
Santa Fe, NM

for Appellant

1

**OPINION**

**ZAMORA, Judge.**

**{1}**     Johnny Lance Johnston (Homeowner) appeals a judgment of foreclosure entered against him and in favor of Deutsche Bank National Trust Company (the Bank) after a bench trial in the district court. On appeal, Homeowner challenges the Bank's standing to foreclose. He also argues against the validity of the loan and challenges evidentiary rulings by the district court. Because the Bank failed to establish that it had standing to foreclose when it filed its complaint for foreclosure, we reverse.

**BACKGROUND**

**{2}**     In 2006, Homeowner refinanced the mortgage on his home through New Century Mortgage Corporation (New Century). He executed a promissory note made payable to New Century. The note was secured by a mortgage on Homeowner's home. In 2008, Homeowner defaulted on the loan, and in February 2009, the Bank filed a complaint for foreclosure. Attached to the complaint was an unindorsed copy of Homeowner's note made payable to New Century. The complaint asserted that Homeowner, in 2006, executed a note and mortgage, which were later assigned to the Bank; that Homeowner had not made any payments since July of 2008; and that the Bank was therefore entitled to foreclose upon the property for the remaining balance of the loan.

**{3}**     On August 9, 2010, Homeowner filed a motion to dismiss, arguing in pertinent part that, because the note attached to the complaint showed New Century to be the current owner of the mortgage, the Bank failed to show ownership of the note at the time the Bank's complaint was filed and that the complaint should be dismissed. The Bank filed its response on August 31, 2010, two weeks before the scheduled trial. The Bank attached a copy of an assignment of Homeowner's mortgage (assignment) to its response. The assignment reflects that New Century assigned the mortgage to the Bank on February 7, 2006, a week after the note and mortgage were executed by Homeowner. However, the assignment was not recorded in the land records office until December 9, 2009, or nine months after the complaint was filed.

**{4}**     The trial commenced on September 16, 2010. At trial the Bank introduced the original note, indorsed in blank. The Bank did not introduce any evidence to show when the note was indorsed or when the Bank came to possess the indorsed note. After one day of trial, due to Homeowner's medical condition, the trial was continued to October 5, 2010. On September 21, 2010, during the interim between the first and second days of the continued trial, Homeowner filed a motion requesting that the judge permit Lynn E. Szymoniak to testify as an expert regarding his challenge to the assignment as a false and fabricated document. Homeowner further requested that the matter of whether his expert would be allowed to testify be addressed in a hearing at the beginning of the resumption of trial. On October 5, 2010, before resuming the bench trial, the district court heard arguments

2

regarding Homeowner's motion to allow expert testimony regarding the alleged fraudulent nature of the assignment. The district court found that Homeowner's request was untimely and that the proposed expert testimony was not relevant. Homeowner's motion was denied. The trial proceeded and was concluded the same day.

**{5}** After the trial, the district court entered findings of fact and conclusions of law, which provided that New Century Bank validly assigned its interest to the Bank, that Homeowner defaulted on the note, and that the Bank was entitled to a foreclosure judgment. The district court entered a judgment of foreclosure from which Homeowner now appeals.

## DISCUSSION

**{6}** On appeal, Homeowner argues: (1) the documentary evidence submitted by the Bank to establish its standing to enforce the note and to foreclose on the mortgage is insufficient as a matter of law; (2) the district court abused its discretion in refusing to allow Homeowner's expert witness to testify as to the authenticity of the Bank's assignment; (3) the Bank violated NMSA 1978, § 58-21A-4(B) (2003, amended 2009) of the New Mexico Home Loan Protection Act (HLPA), §§ 58-21-A-1 to -14 (2003, as amended through 2009); and (4) the Bank perpetrated a fraud on the court by seeking to summarily foreclose without establishing standing and by relying on a fraudulent assignment to establish standing. Because we conclude that the Bank did not have standing to foreclose, we do not address Homeowner's arguments related to his proposed expert witness and alleged HLPA violation. We further conclude that Homeowner did not properly preserve his argument that the Bank perpetrated a fraud on the court and we decline his request to impose sanctions.

### A. Standard of Review

**{7}** The determinative issues in this case involve evidentiary challenges to the district court's findings of fact and conclusions of law. Specifically, the district court determined the Bank's standing as a factual matter, therefore "we apply a substantial evidence standard of review." *Miller v. Bank of Am., N.A.*, 2013-NMCA-___, ¶ 11, ___ P.3d ___ (No. 31,463, Dec. 10, 2013). " 'Substantial evidence' means relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. In reviewing a substantial evidence claim, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. "[W]e will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Id.* We consider the evidence in the light most favorable to the prevailing party and disregard any inferences and evidence to the contrary. *Williams v. Williams*, 1989-NMCA-072, ¶ 7, 109 N.M. 92, 781 P.2d 1170.

### B. Deutsche Bank Lacks Standing to Foreclose

**{8}**     While this case was pending, our Supreme Court decided *Bank of N.Y. v. Romero*, 2014-NMSC-007, 320 P.3d. 1, which sets forth how our courts are to decide mortgage foreclosure cases. *Romero* clarified that standing is a jurisdictional prerequisite for a cause of action and must be established at the time the complaint is filed. *Id.* ¶ 17. In order to establish standing to foreclose, a lender must show that, at the time it filed its complaint for foreclosure, it had: (1) a right to enforce the note, which represents the debt, and (2) ownership of the mortgage lien upon the debtor's property. *See id.* (stating that "[t]he Bank of New York . . . was required to demonstrate under New Mexico's Uniform Commercial Code (UCC) that it had standing to bring a foreclosure action at the time it filed suit. . . . [It] had the burden of establishing timely ownership of the note and the mortgage to support its entitlement to pursue a foreclosure action.").

**1.     The Bank's Right to Enforce the Note**

**{9}**     Though the Bank maintains that it was the holder of Homeowner's note at the time it filed for foreclosure, it attached a copy of the note to its complaint that was unindorsed and made payable to New Century. In *Romero*, our Supreme Court expressly held that an unindorsed note made payable to a third party does not establish standing to foreclose. 2014-NMSC-007, ¶¶ 22, 23. ("Possession of an unindorsed note made payable to a third party does not establish the right of enforcement, just as finding a lost check made payable to a particular party does not allow the finder to cash it."). Therefore, the note initially attached to the Bank's complaint for foreclosure was insufficient to establish its right to enforce the note.

**{10}**     At trial, twenty months after the complaint for foreclosure was filed, the Bank produced a note that was significantly different from the one attached to its complaint. The note produced at trial included a blank undated indorsement. "A blank indorsement . . . does not identify a person to whom the instrument is payable but instead makes it payable to anyone who holds it as bearer paper." *Id.* ¶ 24. Typically, the bearer of a note indorsed in blank is the holder of that note. *See* NMSA 1978, § 55-3-104(a)(1), (b), (e) (1992) (defining "negotiable instrument" as including a "note" made "payable to bearer or to order"); NMSA 1978, § 55-3-301 (1992) (defining "[p]erson entitled to enforce" a negotiable instrument); *see also Romero*, 2014-NMSC-007, ¶ 26 ("[The] blank indorsement . . . established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper."). The Bank argues that its production of the note bearing an undated indorsement in blank at trial was sufficient to establish its right to enforce the note. We disagree.

**{11}**     *Romero* did not directly address whether an undated indorsement in blank, produced after the filing of the foreclosure complaint is sufficient to establish standing. In that case, the Bank of New York attached an unindorsed note to its complaint and, at trial, admitted a different "original" note that contained two undated indorsements. 2014-NMSC-007, ¶¶ 10, 16. The first indorsement was blank, and the second was a special indorsement made payable to JPMorgan Chase. *Id.* Our Supreme Court agreed that if the note contained only a blank indorsement, that blank indorsement would have established the Bank of N.Y. as

4

holder because it would have been in possession of bearer paper. *Id.* ¶ 26. However, because the note contained another restrictive, special indorsement to JPMorgan Chase, and because there was no evidence to the contrary, JPMorgan Chase was the proper holder of the note. *Id.* Because *Romero* decided the standing issue on the special indorsement it did not reach the question in this case—does a blank *undated* indorsement establish the Bank as a holder of Homeowner's note absent some evidence of when the note was indorsed or when the Bank come into possession of the note.

**{12}** Although no New Mexico cases have addressed this issue, courts in other jurisdictions have held that a lender seeking to establish its right to enforce a note must produce the indorsed note with the complaint for foreclosure; if the lender produces the indorsed note after filing the complaint, the indorsement must be dated to show that the indorsement was executed prior to the initiation of the foreclosure suit. *See Bank of Am., NA v. Kabba*, 2012 OK 23, ¶ 11, 276 P.3d 1006 (concluding that "[i]t is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff"); *see also Green v. JPMorgan Chase Bank, N.A.*, 109 So. 3d 1285, 1288 (Fla. Dist. Ct. App. 2013) (determining that an original undated note with a blank indorsement only shows the bank had possession of the note but not that it held the note at the time the foreclosure suit was filed). We believe these holdings from other jurisdictions are persuasive and adopt their reasoning here.

**{13}** In this case, the blank indorsement on the note the Bank introduced at trial was not dated, making it impossible to tell when the indorsement was executed. Therefore, while the indorsed note was sufficient to show that the Bank was the holder of the note at the time of trial, it failed to show that the Bank was the holder at the time it filed its complaint for foreclosure. We conclude that neither the unindorsed copy of the note produced with the foreclosure complaint nor the indorsed note produced at trial were sufficient to show that the Bank held the note when it filed the complaint. The Bank offers no explanation as to why it produced an unindorsed copy of the note made payable to New Century instead of the indorsed note if it indeed had possession of the indorsed note when the complaint was filed. The bottom line is the Bank needed to show it possessed the proper supporting documentation when it filed the foreclosure complaint. *Kabba*, 2012 OK 2013, ¶ 11.

**2.      The Assignment of Mortgage Does Not Transfer the Note**

**{14}** The district court in this case relied on the date of the assignment to establish the timing of the note's indorsement. New Century Mortgage Corporation validly assigned their interest in the Mortgage and endorsed the Note to Plaintiff, as evidenced by the Assignment of Mortgage endorsed February 7, 2006, and recorded in the Records of Dona Ana County at Reception No. 0933345 on December 9, 2009, in addition to the court's review of the original Note. However, an assignment of mortgage is separate from the note and does not by itself transfer ownership of the note. *See Romero*, 2014-NMSC-007, ¶¶ 35-36 ("These

5

separate contractual functions—where the note is the loan and the mortgage is a pledged security for that loan—cannot be ignored . . . [a]ccordingly . . . the [Mortgage Electronic Registration System] assignment [does not] establish the Bank of New York as a nonholder in possession with the rights of a holder by transfer."). Even a valid mortgage assignment without proof of ownership of the note cannot establish standing to foreclose. *See id.* ¶ 17 ("The [b]ank . . . had the burden of establishing [both] timely ownership of the note *and* the mortgage to support its entitlement to pursue a foreclosure action." (emphasis added)). Thus, the Bank's assignment in this case has no bearing on the validity or the timing of the note's indorsement.

**{15}** In summary, the Bank's documentary evidence (the unindorsed note, the undated indorsed note, and the assignment) was insufficient to establish that the Bank was the holder of the note when it filed for foreclosure. We conclude that the Bank did not have standing to foreclose and, as a result, the evidentiary issues and the HLPA violation issue are moot. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 20, 130 N.M. 734, 31 P.3d 1008 ("[T]he lack of [standing] is a potential jurisdictional defect[.]" (internal quotation marks and citation omitted)); *see also Romero*, 2014-NMSC-007, ¶ 39 ("As a result of our holding that the [b]ank . . . has not established standing to bring a foreclosure action, the issue of HLPA violation is now moot in this case.").

## C.    Fraud Argument Not Preserved

**{16}** Lastly, we address Homeowner's remaining argument. He asserts that the Bank committed fraud on the court by filing its foreclosure complaint with documents that failed to establish the Bank's standing to foreclose and that the Bank's conduct should be sanctioned. However, "[t]o preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273; *see also In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). Because Homeowner does not point out where, in the record, he raised this sanction issue below and whether it was considered by the district court, we decline to address his arguments regarding fraud on the court and sanctions here. To the extent Homeowner asks us to consider and impose sanctions in the exercise of our own inherent authority, we decline to do so for two reasons.  First, the request requires an inquiry into factual circumstances and we are not a fact-finding entity. Second, we have not observed sanctionable conduct in the proceedings before us.

**{17}** Our Supreme Court has established that lenders seeking to foreclose in New Mexico must have standing to foreclose at the time the complaint is filed. *Romero*, 2014-NMSC-007, ¶ 17. Therefore, before filing a complaint for foreclosure, a lender is on notice that it must

be able to show, through properly indorsed and dated documentation, that it is the owner of both the note and the mortgage on the date of filing a foreclosure action. Accordingly, we hold that the Bank's possession of an undated unindorsed note without evidence of when the Bank obtained possession, does not establish the Bank as the holder of the note at the time the foreclosure suit was filed.

**CONCLUSION**

**{18}** For the foregoing reasons, we reverse and remand this matter to the district court with instructions to vacate its judgment of foreclosure. We need not address Homeowner's arguments related to evidentiary matters and HLPA.

**{19}   IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**