OSCN Found Document:MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. v. WILSON

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. v. WILSON
2014 OK CIV APP 74
Case Number: 111264
Decided: 08/20/2014
Mandate Issued: 09/23/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 74, __ P.3d __

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Plaintiff/Appellee,
v.
ALVIN WILSON and JANICE R. WILSON, Husband and Wife; Defendants/Appellants,
and
OCCUPANTS OF THE PREMISES; GERROL ADKINS a/k/a GERROL ASDKINS; DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE f/k/a BANKERS TRUST COMPANY AS TRUSTEE, Defendants.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE LISA T. DAVIS, TRIAL JUDGE

AFFIRMED

Amy Collins, Brian J. Rayment, Kivell, Rayment & Francis, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee,
Roland V. Combs, III, The Law Firm of Roland v. Combs, III & Associates, PLC, Oklahoma City, Oklahoma, for Defendants/Appellants, Alvin Wilson & Janice R. Wilson.

Wm. C. Hetherington, Jr., Vice-Chief Judge:

¶1 In the first appeal in the underlying foreclosure brought by Mortgage Electronic Registration Systems, Inc. (MERS) against several defendants, including Alvin Wilson and Janice Wilson (Appellants), a different panel of the same Division of the Court of Civil Appeals, in an unpublished opinion, affirmed the trial court's denial of the Wilsons' Motion to Vacate Final Journal Entry of Judgment and Order Confirming Sale(Wilsons I.) Appellants' petition for certiorari was ultimately denied by the Supreme Court, and mandate issued March 1, 2012. Three months later, MERS moved to lift the stay, presumably imposed by statute during the appeal.

¶2 In response to MERS' motion, Appellants filed a Petition to Vacate Final Journal Entry of Judgment, re-asserting the foreclosure judgment entered February 23, 2005 was void and may be challenged at any time because MERS lacked standing and as a result, the court lacked jurisdiction.[1] Based on our review of the appellate record, the same or similiar jurisdictional defects were raised by Appellants and decided in Wilsons I. Therefore, we need not address Appellants' repetitive arguments the 2005 foreclosure judgment is void on its face or any of their remaining arguments raised in their Petition to Vacate Final Journal Entry of Judgment.

¶3 The Supreme Court, in Read v. Read, 2001 OK 87, ¶¶ 14-15, 57 P.3d 561, 566-567, held in an appeal involving the same procedural posture as this appeal:

[t]he terms of 12 O.S.1993 § 1038 provide that a facially void judgment may be vacated at any time. This does not mean. . .that a facially void judgment may be subjected to successive attacks, direct or collateral. Rather, § 1038 merely provides that the passage of time does not operate to bar a quest to vacate a facially void judgment.

The law affords no more than a single opportunity to litigate a disputed question of a tribunal's jurisdiction. This "whack" at the divorce decree was taken by Read in his unsuccessful effort to vacate that judgment in 1996. Read appealed that adverse decision and the Court of Civil Appeals, Division Three, affirmed. This court denied certiorari. . . .The trial court's order denying Read's petition to vacate now stands as a complete bar to further attack upon the divorce decree upon the doctrine of res judicata, as well as that of the settled law of the case. The divorce decree's validity is no longer subject to relitigation in the trial court nor is it amendable to review on appeal or certiorari. (Italics in original; underline added.)

We note there have been no legislative amendments to §1038 since 1993, and Read is still good law, which this Court is not free to ignore.

¶4 Appellants have already had their allotted "whack" at vacating the 2005 foreclosure judgment in Wilsons I, and we find, as in Read, that judgment "is no longer subject to relitigation in the trial court nor is it amendable to review on appeal or certiorari." The trial court's order denying Appellants' petition to vacate is AFFIRMED.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] We note for the record Appellants' reliance in its petition to vacate on the Supreme Court's eleven foreclosure opinions, beginning with Duetsche Bank National Bank v. Brumbaugh, 2012 OK 3, 270 P.3d 151, which basically hold a foreclosure plaintiff must demonstrate it has a right to enforce the promissory note and absent such proof prior to the filing of the foreclosure proceeding, the plaintiff lacks standing which may be raised at any stage of the judicial process. However, Duetsche Bank and its progeny are distinguishable since none were presented with the same procedural posture as this appeal presents.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 2001 OK 87, 57 P.3d 561, 72 OBJ 3055, READ v. READ
Discussed 2012 OK 3, 270 P.3d 151, DEUTSCHE BANK NATIONAL TRUST v. BRUMBAUGH
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1038, Proceedings to Vacate or Modify a Judgment, Decree or Order
Cited